UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JAMEAL ALJUWANI, | No. |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| LINEAGE VENTURES LLC, FN 1030 CARROLL LLC, and EPHRAIM FRUCHTHANDLER, | Plaintiff Demands Trial by Jury |
| Defendants. | |

Plaintiff Jameal Aljuwani ("Plaintiff"), by and through his attorneys Levine & Blit, PLLC, complaining of defendants Lineage Ventures LLC, FN 1030 Carroll LLC, and Ephraim Fruchthandler (collectively, "Defendants"), hereby alleges:

## NATURE OF THE ACTION

1. This civil action is brought to remedy unpaid minimum wages and unpaid overtime wages from pay in willful violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"); unpaid minimum wages, overtime wages, and unpaid spead of hours wages in violation of the New York Labor Law ("Labor Law"); violations of the Wage Theft Prevention Act ("WTPA") sections 195(1) and 195(3); and retaliation in violation of the FLSA and Labor Law.

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendant's unlawful conduct, including unpaid minimum wages, overtime wages, and spread of hours wages; an award of liquidated damages under the FLSA and Labor Law; statutory damages pursuant

to the WTPA; back pay damages; compensatory damages; liquidated damages pursuant to Labor Law § 215; punitive damages; prejudgment interest; Plaintiff's reasonable attorney's fees; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of New York.

## THE PARTIES

5. Plaintiff is a resident of the State of New York, Kings County, who commenced his employment with Defendants in or about late November 2014.

6. Upon information and belief, Lineage Ventures LLC is a foreign limited liability company organized in the State of Delaware that is engaged in the property management business with a principal place of business located at 111 Broadway, Suite 2102, New York, New York.

7. Upon information and belief, FN 1030 Carroll LLC is a foreign limited liability company organized in the State of Delaware that is engaged in the property ownership and/or management business with a principal place of business located at 111 Broadway, Suite 2102, New York, New York.

2

8. Upon information and belief, Mr. Fruchthandler is a natural person who owns and manages Lineage Ventures LLC and FN 1030 Carroll LLC.

9. Defendants own and/or manage the residential apartment building located at 1030 Carroll Street, Brooklyn, New York.

10. At all times relevant to this Complaint, Mr. Fruchthandler controlled the terms and conditions of Plaintiff's employment, including but not limited to his duties, responsibilities, and rate of compensation.

11. At all times relevant to this action, Defendants were an "enterprise" and an "enterprise engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. §§ 203(r) and (s), and, thus, an entity covered by the FLSA.

12. Defendants have (a) employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

13. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of applicable federal and state statutes and regulations.

14. At all times relevant to this action, Defendants were an "employer" of Plaintiff within the meaning of applicable federal and state statutes and regulations.

15. Defendants are a joint employer and/or a single integrated employer.

## FACTUAL ALLEGATIONS

16. From about late November 2014 until September 23, 2016, Plaintiff was employed by Defendants as a superintendent at Defendants' 48 unit residential apartment building located at 1030 Carroll Street, Brooklyn, New York, and as a general laborer for Defendants.

17. Plaintiff's janitorial duties included mopping, sweeping, maintaining common areas, shoveling, and removing garbage.

18. Defendants assigned additional duties beyond the ordinary janitorial duties of a superintendent, including but not limited to, electrical work; plumbing work; painting; plastering, and other manual labor.

19. Plaintiff spent approximately 20-30 hours per week performing his janitorial superintendent duties identified in paragraph 17 herein.

20. Plaintiff spent approximately 30 or more hours per week performing his non-janitorial duties identified in paragraph 18 herein.

21. Plaintiff typically worked about eleven (11) hours or more per day, six days per week.

22. For his superintendent duties, Plaintiff was compensated with a rent-free apartment.

23. Between late November 2014 and about July 2015, Plaintiff was paid $200.00 per week.

24. Between July 2015 and about March 2016, Plaintiff was paid $250.00 per week.

25. Between about March 2016 and September 23, 2016, Plaintiff was paid $365.00 per week.

26. Despite working more than ten (10) hours in a work day, Plaintiff was not compensated with spread of hours wages.

27. Defendants did not maintain contemporaneous and accurate time records for Plaintiff in violation of the FLSA and Labor Law.

28. Defendants did not provide Plaintiff with the proper notices and the information required on wage statements pursuant to Sections 195(1) and 195(3) of the WTPA.

29. Defendants were aware or should have been aware that their pay practices were in violation of the FLSA and Labor Law, but continued to willfully engage in these unlawful pay practices.

30. As a result, Plaintiff has suffered substantial economic losses, resulting from Defendants' failure to pay minimum wages, overtime wages, and spread of hours wages.

31. On September 21, 2016, Plaintiff's counsel sent, *via* email, a claim letter to Mr. Fruchthandler detailing the violations alleged herein.

32. On September 22, 2016, Defendants' counsel contacted Plaintiff's counsel concerning the claim letter.

33. On September 23, 2016, Mr. Fruchthandler's attorney provided a letter to Plaintiff's counsel on behalf of Defendants, which stated that Plaintiff's employment with Defendants is terminated and demanding that Plaintiff vacate his apartment within a week.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Minimum Wages in Violation of the FLSA)**

34. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 33, as if fully set forth herein.

35. Defendants were the employer of Plaintiff within the meaning of the FLSA.

36. Plaintiff was a non-exempt employee of Defendants pursuant to the FLSA.

37. Defendants failed to pay Plaintiff the prevailing minimum wage established by the FLSA for hours worked by Plaintiff.

38. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

39. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of unpaid minimum wages in an amount to be determined at trial and is entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the FLSA)

40. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 39, as if fully set forth herein.

41. Defendants were the employer of Plaintiff within the meaning of the FLSA.

42. Plaintiff was a non-exempt employee of Defendants pursuant to the FLSA.

43. Despite Defendants' knowledge that Plaintiff worked in excess of forty (40) hours per week for Defendants on a weekly basis, as described above, Plaintiff was denied all overtime wages.

44. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

45. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost overtime wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Minimum Wages in Violation of the Labor Law)**

46. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 45, as if fully set forth herein.

47. Defendants were the employer of Plaintiff within the meaning of the Labor Law.

48. Plaintiff was a non-exempt employee of Defendants pursuant to the Labor Law.

49. Defendants failed to pay Plaintiff the prevailing minimum wage established by the Labor Law.

50. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff.

51. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of unpaid minimum wages in an amount to be determined at trial and is entitled to recover the value of those unpaid minimum wages plus an equivalent amount of liquidated damages pursuant to the Labor Law.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime Wages in Violation of the Labor Law)

52. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 51, as if fully set forth herein.

53. Defendants were the employer of Plaintiff within the meaning of the Labor Law.

54. Plaintiff was a non-exempt employee of Defendants pursuant to the Labor Law.

55. Despite Defendants' knowledge that Plaintiff worked in excess of forty (40) hours per week for Defendants on a weekly basis, as described above, Plaintiff was denied all overtime wages.

56. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff.

57. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost overtime wages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the Labor Law.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Compensation in Violation of the Building Services Wage Order)

58. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 57, as if fully set forth herein.

59. Defendants were the employer of Plaintiff within the meaning of the Labor Law.

60. Plaintiff's superintendent duties were subject to the Building Services Wage Order.

61. Defendants failed to compensate Plaintiff in compliance with the Building Services Wage Order.

62. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff.

63. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost compensation in an amount to be determined at trial and is entitled to recover the value of that unpaid compensation plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

**SIXTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Unpaid Spread of Hours Wages in Violation of the Labor Law)**

64. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 63, as if fully set forth herein.

65. Defendants were the employer of Plaintiff within the meaning of the Labor Law.

66.  Despite Defendants' knowledge that Plaintiff was working in excess of ten (10) hours in a work day, Defendants failed to compensate Plaintiff with spread of hours wages.

67.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff.

68.  As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in the form of lost compensation in an amount to be determined at trial and is entitled to recover the value of that unpaid compensation plus an equivalent amount of liquidated damages and prejudgment interest pursuant to the Labor Law.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Violation of Labor Law 195(1))

69.  Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 68, as if fully set forth herein.

70.  Defendants have failed to furnish to Plaintiff the information required by Labor Law § 195(1) at the time of his hiring or any time thereafter.

71.  Due to Defendants' violations of the Labor Law § 195(1), Plaintiff is entitled to recover statutory damages from Defendant in the amount of $50.00 per work day

11

that the violation occurred, not to exceed $5,000.00, plus attorney's fees and costs
of this action.

### EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Violation of Labor Law § 195(3))

72. Plaintiff hereby repeats and realleges each allegation contained in paragraphs
numbered 1 through 71, as if fully set forth herein.

73. Defendants have failed to furnish Plaintiff with each payment of wages a
statement that complies with statutory requirements under Labor Law § 195(3).

74. Due to Defendants' violation of Labor Law § 195(3), Plaintiff is entitled to
recover statutory damages from Defendant in the amount of $250.00 per
workweek that the violation occurred, not to exceed $5,000.00, plus attorney's
fees and costs of this action.

### NINTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Retaliation in Violation of the FLSA)

75. Plaintiff hereby repeats and realleges each allegation contained in paragraphs
numbered 1 through 74, as if fully set forth herein.

76. As alleged herein, Plaintiff engaged in a protected activity on September 21,
2016.

77. As a result of Plaintiff's engagement in a protected activity, Plaintiff suffered an
adverse employment action when his employment was terminated on September
23, 2016.

78. A causal connection exists between Plaintiff's protected activity and the adverse employment action suffered due to the temporal proximity between the two events.

79. As a result of Defendants' retaliatory termination, Plaintiff has suffered compensatory damages, including back pay damages, emotional distress, mental anguish, harm to his reputation, and humiliation.

80. Defendants' retaliatory termination of Plaintiff was with malice or in reckless disregard of Plaintiff's rights secured by the FLSA, and, as such, Defendants should be subject to punitive damages to deter future violations by Defendants and other employers.

### TENTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Retaliation in Violation of the FLSA)

81. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 80, as if fully set forth herein.

82. As alleged herein, Plaintiff engaged in a protected activity on September 21, 2016.

83. As a result of Plaintiff's engagement in a protected activity, Plaintiff suffered an adverse employment action when his employment was terminated on September 23, 2016.

84. A causal connection exists between Plaintiff's protected activity and the adverse employment action suffered due to the temporal proximity between the two events.

85. As a result of Defendants' retaliatory termination, Plaintiff has suffered compensatory damages, including back pay damages, emotional distress, mental anguish, harm to his reputation, and humiliation.

86. Pursuant to Labor Law § 215, Plaintiff is entitled to recovery liquidated damages not to exceed $20,000.00 as a result of Defendants' retaliatory termination.

87. Defendants' retaliatory termination of Plaintiff was with malice or in reckless disregard of Plaintiff's rights secured by the Labor Law, and, as such, Defendants should be subject to punitive damages to deter future violations by Defendants and other employers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a)   An order declaring Defendants have violated the provisions of the FLSA and Labor Law relating to payment of minimum wages, overtime wages, and spread of hours wages;

b)   An order enjoining Defendants from engaging in the unlawful activities alleged above;

c)   An order awarding monetary damages for Plaintiff's economic losses including unpaid minimum wages, unpaid overtime wages, and unpaid spread of hours wages;

14

d)      An order awarding liquidated damages to Plaintiff under both the FLSA and the Labor Law in an amount equal to the total amount of unpaid minimum wages, unpaid overtime wages, and unpaid spread of hours wages;

e)      An order awarding statutory damages pursuant to the WTPA;

f)      An order awarding compensatory damages caused by Defendants' retaliatory termination of Plaintiff, including back pay damages and damages for emotional distress, mental anguish, harm to reputation, and humiliation caused by said termination;

g)      An order awarding liquidated damages pursuant to Labor Law § 215;

h)      An order awarding punitive damages pursuant to FLSA § 215 and Labor Law § 215;

i)      An award of prejudgment interest on the unpaid wages owed to Plaintiff pursuant to the Labor Law;

j)      An award of Plaintiff's reasonable attorneys' fees pursuant to the FLSA and the Labor Law;

k)      An award of the Plaintiff's costs of this action; and

l)      Any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: September 26, 2016
        New York, New York                         LEVINE & BLIT, PLLC

                                                    Justin S. Clark (JC7795)
                                                    *Attorneys for Plaintiff*

15

350 Fifth Avenue, Suite 3601
New York, NY 10118
Tel. (212) 967-3000
jclark@levineblit.com